IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

NIJA SYVALLUS BONHOMME, #206000                                     PLAINTIFF

VS.                                   CIVIL ACTION NO. 3:18-CV-91-CWR-FKB

OFFICER K. BURKE and NURSE JANE UNKNOWN                  DEFENDANTS

**ANSWER AND DEFENSES OF KEVIN BURKES**

COMES NOW Defendant Kevin Burkes (sued as "Officer K. Burke"), by and through counsel, and responds to Plaintiff's Complaint [1], as supplemented by Plaintiff's Response [15], as follows:

**FIRST DEFENSE**

The Complaint filed herein against this Defendant fails to state a claim upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This Defendant further raises all other defenses available to him pursuant to Rule 12(b)(1) through (7) of the Federal Rules of Civil Procedure and moves to dismiss thereto as applicable.

**SECOND DEFENSE**

Without waiving the right to be heard on the foregoing defenses, this Defendant responds to the Plaintiff's Complaint [1], as supplemented by his Response [15], as follows:

OTHER LAWSUITS FILED BY PLAINTIFF

This Defendant is currently without knowledge or information sufficient to form a belief as to the truth of the matters asserted regarding other lawsuits filed by Plaintiff, and, therefore, the same are denied.

PARTIES

D1022788.1

It is admitted that Plaintiff is currently housed as a post-conviction inmate at East Mississippi Correctional Facility ("EMCF"). It is further admitted that this Defendant was at all relevant times employed as correctional staff at EMCF. The remaining allegations contained in the section of Plaintiff's Complaint titled "Parties" are denied as stated.

## GENERAL INFORMATION

A.-D. This Defendant admits that Plaintiff was formerly incarcerated by the Mississippi Department of Corrections as a post-conviction inmate.

E. It is denied that Plaintiff properly exhausted all claims against this Defendant, and Plaintiff's claims which were not properly exhausted prior to suit being filed should be dismissed pursuant to the requirements of the PLRA.

F. Not applicable.

## STATEMENT OF CLAIM

This Defendant denies the allegations contained in the section of Plaintiff's Complaint titled "Statement of Claim," including those allegations contained in any exhibit, attachment, or supplement to the Complaint, upon which Plaintiff seeks to impose liability upon him. This Defendant also affirmatively denies he breached any duty he owed to Plaintiff and further denies that he deprived the Plaintiff of any rights or privileges arising under any laws of the State of Mississippi and of the United States.

## RELIEF

This Defendant denies that Plaintiff is entitled to the relief sought, and he denies that Plaintiff is entitled to any relief whatsoever against him.

## PLAINTIFF'S RESPONSE [15] TO COURT ORDER

This Defendant denies the allegations contained in Plaintiff's Response [15] to the Court's

Order upon which Plaintiff seeks to impose liability upon him. This Defendant also affirmatively denies he breached any duty he owed to Plaintiff and further denies he deprived Plaintiff of any rights or privileges arising under any laws of the State of Mississippi and of the United States. This Defendant further denies Plaintiff is entitled to the relief sought or any relief whatsoever from him.

### THIRD DEFENSE

AND NOW, having responded to the Plaintiff's Complaint [1], as supplemented by his Response [9], and having denied all liability, this Defendant would show unto the Court the following special and affirmative matters:

### FIRST AFFIRMATIVE DEFENSE

At all times, this Defendant provided the Plaintiff with care, custody, and security which was, at a minimum, adequate under the standards of the Constitution of the United States, including the Eighth Amendment, as well as the Constitution and Laws of the State of Mississippi.

### SECOND AFFIRMATIVE DEFENSE

No acts or omissions of this Defendant caused or contributed to any constitutional violations or injuries, and all actions taken by this Defendant were done with probable cause, reasonable care, and in accordance with the policies and procedures of the Mississippi Department of Corrections.

### THIRD AFFIRMATIVE DEFENSE

No rights, liberties, privileges, or constitutional rights were violated by this Defendant in any way. All applicable guidelines, rules, and policies were followed and complied with.

### FOURTH AFFIRMATIVE DEFENSE

The sole proximate cause of Plaintiff's injuries and damages, if any, was the negligence of the Plaintiff or other third parties for which this Defendant can have no liability and should be dealt with according to the law of contributory and/or comparative negligence.

## FIFTH AFFIRMATIVE DEFENSE

This Defendant cannot be held vicariously liable for the acts or omissions of others under 42 U.S.C. § 1983.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages, if any, may be the result of a superseding, intervening cause for which this Defendant can have no liability.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's position as a litigant in any pending matter was not adversely affected by the acts or omissions of this Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

This Defendant did not in any way deny or impede Plaintiff's access to necessary medical care.

## NINTH AFFIRMATIVE DEFENSE

At all times, the actions of this Defendant were in good faith and objectively reasonable.

## TENTH AFFIRMATIVE DEFENSE

At no time did this Defendant act with deliberate indifference to any right guaranteed to the Plaintiff by the U.S. Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to identify any actions or omissions on the part of this Defendant that rise to the level of a violation of his rights under the U.S. Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

This Defendant pleads all applicable provisions of the Prison Litigation Reform Act as a bar to the Plaintiff's claims or as a limitation of liability, which is denied.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff, by and through his Complaint, and previous Complaints, if applicable, are subject to the provisions of 28 U.S.C. § 1915.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff is subject to the provisions and limitations of 42 U.S.C. § 1997e(a) and MISS. CODE ANN. § 47-5-803(2) regarding the requirement that Plaintiff exhaust his administrative remedies prior to filing suit, and this action is barred if Plaintiff failed to comply therewith.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any deprivation which rises to the level of a constitutional violation.

### SIXTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, this Defendant acted in good faith within his discretionary authority. The actions of this Defendant were reasonable, without malice, and in accordance with existing principles of law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any injury as a result of the actions of this Defendant, which is denied, the same was *de minimus* and Plaintiff's claims against this Defendant must be dismissed.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The allegations contained in Plaintiff's Complaint may be barred by the applicable statute of limitations.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for emotional damages, if any, are barred by 42 U.S.C. § 1997e(e).

### TWENTIETH AFFIRMATIVE DEFENSE

This Defendant hereby gives notice that he intends to rely on such other and further defenses that may become available or apparent during discovery in this action and reserves the right to amend his answer to assert any such defenses.

WHEREFORE, PREMISES CONSIDERED, Defendant Kevin Burkes respectfully requests that Plaintiff's Complaint against him be dismissed with all costs to be assessed against the Plaintiff.

Respectfully submitted, this the 6th day of August, 2018.

                KEVIN BURKES, DEFENDANT

BY:    */s/ Steven J. Griffin*
       OF COUNSEL

STEVEN J. GRIFFIN - BAR # 103218
sgriffin@danielcoker.com
DANIEL COKER HORTON AND BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE: (601) 969-7607
FACSIMILE: (601) 969-1116

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record, and I hereby certify that I have mailed by United States Postal Service the document to the following non-ecf participants:

> Nija Syvallus Bonhomme, #206000
> E.M.C.F.
> 10641 Hwy 80 West
> Meridian, MS 39307

<em>/s/ Steven J. Griffin</em>